IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID LEWIS DOUBLEDAY                                              PLAINTIFF

V.                        CASE NO. 5:17-cv-05130

SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas; SERGEANT
MONDAY; LIEUTENANT R. HOLT; and
CAPTAIN GUYLL                                                     DEFENDANTS

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Davis L. Doubleday, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). He is incarcerated in the Benton County Detention Center ("BCDC"). The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff has been refused notary services for letters written to the governors of Arkansas and Missouri as well as to the American Civil Liberties Union ("ACLU"). Plaintiff alleges he was told that notary services were provided only for prepared court documents. When he submitted the certificate of account portion of the IFP application to be completed in preparation for filing this case, Plaintiff states he was told that they would notarize the letters. However, he had

already mailed the letters.

Plaintiff alleges his requests for executive clemency and for relief from legal burden, apparently the content of the letters, are at greater risk of being denied due to Defendants' unprofessionalism. However, Plaintiff makes no allegation that he informed Defendants that the letters were in fact requests for executive clemency.

Next, Plaintiff alleges he was denied access to the law library. He alleges he needed access to the law library to research the laws regarding his "legal letters" and "many other such things." Plaintiff argues he should not have been required to already be in the "middle of a court issue" to be able to research his rights. He asserts that he wanted to enter the court prepared.

As relief, Plaintiff seeks compensatory and punitive damages. He also asks that the Defendants be ordered to notarize any and all legal documents and letters to any legal or governmental organization and to allow access to the law library.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*,

747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

"Inmates undeniably enjoy a constitutional right of access to the courts and the legal system." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). In *Myers,* the Eighth Circuit stated that:

> [t]o protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints, and with some ability to mail these complaints and related legal correspondence once prepared. Inmates do not have a right, however, either to law libraries or to unlimited stamp allowances for legal mail. Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts. To state a claim that a law library or legal assistance program violates this right, inmates must assert that they suffered an actual injury to pending or contemplated legal claims. Alleging theoretical inadequacies is insufficient. Inmates must instead show, for example, that a complaint that they prepared was dismissed due to a technical requirement that a library's inadequacies prevented them from knowing, or that a library was so inadequate that it prevented them from filing a complaint for actionable harm at all.

*Myers*, 101 F.3d at 544 (citations omitted).

In *Cody v. Weber*, 256 F. 3d 764 (8th Cir. 2001), the Eighth Circuit noted that the Supreme Court in *Lewis v. Casey*, 518 U.S. 343 (1996), and *Bounds v. Smith*, 430 U.S. 817 (1977), "determined that the right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend to the right to 'discover grievances' or to 'litigate effectively once in court.'" *Cody*, 256 F. 3d at 767-68 (quoting *Lewis*, 518 U.S. at 354-55).

In this case, Plaintiff's denial of access to the courts claim fails because he has alleged no actual injury. Plaintiff was able to submit his requests for clemency and file this

civil rights action while incarcerated at the BCDC and has missed no deadlines imposed by the Court. He has not alleged that his requests for clemency were denied because they were not notarized or that he had a case dismissed because he failed to file documents with the Court. *See, e.g., Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic). Although "[p]ro se defendants have a right of access to adequate law libraries or adequate assistance from persons trained in the law," *United States v. Knox*, 950 F.2d 516, 519 (8th Cir. 1991) (quotations omitted), the right is not an abstract one and the inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351.

While "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them," *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977), a plaintiff must still establish that he suffered an actual injury. Here, Plaintiff has not alleged any actual injury as a result of the Defendant's failure to provide access to a notary. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) (no actual injury related to copying and notary services); s*ee also, Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) ("The underlying harm that the Constitution requires . . . legal assistance programs to prevent is . . . a lost, rejected, or impeded legal claim"). As Plaintiff has not alleged that he suffered actual injury because he was denied access to a library or a notary, he has failed to state a claim.

### III. CONCLUSION

The Complaint fails to state a claim under § 1983. Therefore, it is **DISMISSED**

**WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (IFP action may be dismissed at any time for failure to state a claim).

**IT IS SO ORDERED** on this 15th day of August, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE